UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ROBERT A. LAROCHE, | ) | C/A No.: 4:14-cv-0222-JMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| DAVID DUNLAP, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Robert A. LaRoche (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 30, 2014. Respondent filed a motion for summary judgment on August 12, 2014, along with a return and memorandum. (Doc. #28). The undersigned issued an order filed August 13, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #30). Petitioner filed a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response on September 17, 2014.[2] Respondent filed a reply on October 14, 2014. (Doc. #41).

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner was confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Florence County. Petitioner was indicted by the Florence County grand jury at the January 2008 term of the Court of General Sessions for Count 1, trafficking in cocaine greater than 400 grams and Count 2, possession with intent to distribute (PWID) marijuana (Indictment Number 08-GS-21-278). Petitioner was represented on the charges by James W. Smiley, Esquire. On September 15, 2008, Petitioner entered an <u>Alford</u> plea before the

---

[2] Petitioner filed a notice of change of address with the court on July 2, 2014, stating "Petitioner has now completed the term of incarceration that was imposed on him by the Florence County, Clerk of Court on September 15, 2008." (Doc. #23). Therefore, the undersigned issued an order on August 14, 2014, instructing the parties to inform the court of the status of Petitioner's custody and, if released, their position on how it affects this action if at all. Petitioner did not file a response. Respondent filed a status report on August 20, 2014, stating that "Petitioner is no longer confined in the South Carolina Department of Corrections; however, Petitioner is still under community supervision and will be until August 8, 2015." Respondent asserted that it was confirmed with the Department of Probation, Parole and Pardon Services that Petitioner remains under community supervision of their Florence office, and Petitioner is residing in Rhode Island under interstate compact. Petitioner filed a response to the motion for summary judgment with supporting documents exceeding 400 pages.

Honorable Thomas A. Russo, Circuit Court Judge, to trafficking in cocaine greater than 28 grams but less than 100 grams pursuant to North Carolina v. Alford, 400 U.S. 25, (1970). The plea was a negotiated plea/sentence of seven (7) years, the minimum sentence for the amount to which Petitioner pleaded guilty. As part of the negotiated plea, the charge of PWID marijuana was dismissed. Judge Russo, following the negotiated plea/sentence, accepted the plea and sentenced Petitioner to seven (7) years confinement. Petitioner did not appeal his conviction or sentence. (App. pp. 1-17).

**The PCR Action**

Petitioner filed an application for post-conviction relief (PCR) on February 12, 2009 (2009 -CP-21-267). An evidentiary hearing into the allegations of the PCR application was held on September 8, 2011, before the Honorable Michael G. Nettles, Circuit Court Judge ("the PCR Court"). Petitioner was present at the hearing and represented by Phillip B. Atkinson, Esquire. Respondent was represented by David Spencer, Assistant Attorney General. Both Petitioner and plea counsel testified at the evidentiary hearing. On September 29, 2011, the PCR Court issued its Order of Dismissal denying and dismissing the PCR application with prejudice. In the order, the court found that Petitioner raised two allegations in is PCR application: (a)ineffective assistance of counsel, and (b) violation of due process/defective

3

indictment. The Order of Dismissal was filed the same day with the Florence County

Clerk of Court. (App. pp. 127-36).

## The Appeal from the Denial of PCR

Petitioner appealed from the denial of post-conviction relief (PCR) by way of

a Johnson Petition.  Petitioner was represented in the appeal by Robert M. Pachak of

the S.C. Office of Appellate Defense. In the Johnson Petition, Petitioner raised the

following issue to the South Carolina Supreme Court:

> Whether plea counsel was ineffective in failing to investigate?

(Johnson Petition, p. 2). Petitioner filed a pro se response to the Johnson Petition. In

the *pro se* response, Petitioner raised the following issues to the S.C. Supreme Court:

> 1. Did the Circuit Court err in holding that Petitioner's Trial counsel, Mr. James Smiley,IV., was not ineffective in allowing Petitioner to plead to an illegal sentence?
>
> 2. Did the Circuit Court, the Honorable Judge Michael Nettles, err in holding that Trial Counsel was not ineffective in failing to advise the Court that his client was pleading to incorrect lesser-included offense?

(Pro se Response to Johnson Petition, p. 2). Petitioner also filed a *pro se* Initial Brief

of Appellant, attempting to raise the following two (2) additional issues:

> 1. Was counsel ineffective for failing to show

4

competency when he did not present the argument of appellant's fourth amendment violation?

2.    Was counsel's performance deficient according to reasonable professional norms, and did the deficient performance prejudice appellant's defense?

(*Pro se* Initial Brief of Appellant, p. ii.). Petitioner also sought an order requiring the circuit court to rule on several pro se motions of Petitioner filed with the circuit court. On December 5, 2013, after careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court denied the petition and granted counsel's request to withdraw. (See Attached Order of the S.C. Supreme Court). Additionally, the Supreme Court also denied Petitioner's request to require the circuit court to address Petitioner's pro se motions. The Remittitur was issued on December 23, 2013.

## **HABEAS ALLEGATIONS**

Petitioner filed his petition on January 24, 2014, in which he raises the following allegations, quoted verbatim:

GROUND ONE:    INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting Facts:    Trial attorney failed to investigate Petitioner's case consistent to professional norms as required. Trial attorney failed to submit a MOTION TO SUPPRESS the evidence even though he stated it would be an avenue of attack. Trial attorney failed to

5

present witnesses after agreement to do so. Trial attorney failed to question the substance of the police video showing the initial traffic violation leading to my arrest.

GROUND TWO:    SUBJECT MATTER JURISDICTION

Supporting facts:    An amendment referring to the charge of 28-100 grams of cocaine must be submitted to the Grand Jury for verification. Upon approval, this action would relieve the TRUE BILLED INDICTMENT of 400 grams or more. The Petitioner was never indicted for 28-100 grams. Upon review of Petitioner's sentence sheet, it clearly shows lesser included offense. However, see plea transcript page 19, lines 16-20. The GUILTY PLEA was accepted for 28-100 grams, but it was allowed under 2008-GS-21-278.

GROUND THREE: LESSER INCLUDED OFFENSE.

Supporting facts:    The SOUTH CAROLINA LEGISLATURE states the trafficking statute for the offense of possession with intent to distribute described in SECTION 44-53-370(a) is a lesser included offense to the offenses of trafficking based upon possession described in this subsection. The statute does not state 28-100 grams of cocaine is a lesser included offense of trafficking in 400 grams or more.

GROUND FOUR: FOURTH AMENDMENT VIOLATION.

Supporting facts:    Trial attorney stated at the POST-CONVICTION RELIEF HEARING, see transcript page 70, lines 15-24, "he knew the SEARCH and SEIZURE laws fairly inside and out." Trial attorney failed to challenge the traffic stop. Trial attorney failed to

> challenge the actions of the police, see police report
> submitted with discovery material. Attorney failed to
> challenge the second pat-down search after traffic
> warning citation was completed.

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

federal law is different from an incorrect application of federal law,' because an

incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

9

## ANALYSIS

### Ground One

In Ground One, Petitioner argues ineffective assistance of trial counsel asserting

several claims. The claims will be delineated as follows:

> One(a).    Trial attorney failed to investigate Petitioner's case
> consistent to professional norms as required.
>
> One(b).    Trial attorney failed to submit a Motion to Suppress the
> evidence even though he stated it would be an avenue of
> attack.
>
> One(c).    Trial attorney failed  to present witnesses after agreement
> to do so.
>
> One(d).    Trial attorney failed to question the substance of the police
> video showing the initial traffic violation leading to my
> arrest.

When presented with an application for habeas relief, the first inquiry by the

court is to determine whether the claim raised in the petition was "adjudicated on the

merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented

to the state court and the state court adjudicated it, the deferential standard of review

set forth in §2254(d) applies and federal habeas corpus relief may not be granted

unless the relevant state-court adjudication "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

10

Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

11

undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

**Ground One(a)**

Petitioner argues that his trial attorney failed to investigate Petitioner's case consistent with professional norms. Respondent asserts that Petitioner has failed to

meet his burden with regard to this claim.

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR court held the following:

> Applicant alleges his plea counsel failed to adequately investigate the charges. This contention is without merit. Counsel testified that he was prepared for trial and ready to go forward. Counsel testified that he would have moved to suppress the evidence seized from the search and that there was an issue of consent that he would have challenged. However, he noted that the risks of going to trial were great and Applicant was given the opportunity to plead to a lesser offense to minimize his exposure. Applicant admitted on cross-examination that he pled guilty to avoid a harsher punishment.
>
> The charges stem for a traffic stop in which Applicant was driving the vehicle and pulling a trailer. Marijuana and cocaine were found in the trailer. Applicant was traveling between Florida and Rhode Island.
>
> This Court notes that Applicant testified that his Counsel spent twenty-five to thirty hours with Applicant preparing his defense. Counsel testified that Applicant may have overestimated the amount of time, but that Counsel did not need more time with Applicant or to prepare Applicant's defense if Applicant chose to go to trial.
>
> Counsel testified that he spoke to a potential witness, provided by Applicant, who would not give his last name, but claimed the drugs seized were his and Applicant was unaware the drugs were in the trailer when Applicant was stopped by law enforcement. Counsel testified that he had doubts about whether a jury would find this individual credible, based in part on his appearance. From Applicant's testimony, it appears that this individual named(sic) was

Billings. Counsel testified that Billings indicated he was willing to testify and if Applicant went to trial, Counsel would have likely presented Billings as a witness. But Counsel noted the risks of going to trial, and leaving Applicant exposed to a mandatory twenty-five year sentence remained significant and that Applicant instead chose to mitigate his exposure by accepting the negotiated sentence. Counsel testified it was Applicant's choice to plead under <u>Alford</u> in lieu of trial.

Applicant also complains that other witnesses would have been beneficial and that Counsel should have interviewed these witnesses. None of these witnesses testified at the PCR hearing. Applicant claimed his daughter and an individual by the name of Diaz would have presented beneficial testimony. Counsel testified that Applicant never advised him that Applicant's daughter could provide helpful testimony. Further, Counsel was never even advised of Diaz's name or that Mr. Diaz would provide helpful information. Applicant contends that Mr. Diaz was one of two "Cubans" who convinced Mr. Billings to store the contraband in the trailer that Applicant drove from Florida to Rhode Island.

This Court finds this allegation without merit. This Court finds Counsel's testimony in this regard highly credible and gives it great weight. In contrast, this Court does not find Applicant's testimony credible. This Court finds that Counsel adequately investigated the case, interviewed all available and relevant witnesses, and was prepared for trial. This Court finds credible Counsel's testimony that he was not provided the names of witnesses. Applicant alleges (sic) should have been interviewed and therefore, Counsel's performance was not deficient in that regard. This Court finds that Counsel's investigation and preparation was well within the scope of competent representation.

Further, Applicant has failed to meet his burden of proving

14

> prejudice. Applicant was aware of the content of Counsel's interview with Mr. Billings and still chose to plead guilty. Further, Billings did not testify at the PCR hearing and so this court has no evidence of prejudice. Further, no other witnesses which Applicant alleges should have been interviewed were presented, and this Court finds Applicant has not met his burden of proof in that regard. This allegation is denied.

(Tr. 129-131).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on Ground One(a).

**Ground One(b)**

Petitioner asserts trial counsel was ineffective for failing to submit a motion to

15

suppress even though he stated it would be an "avenue of attack." Respondent asserts that this claim is procedurally barred in that it was not raised at PCR and ruled upon by the PCR judge. Respondent further asserts that by pleading guilty to the negotiated reduced minimum sentence of seven years, Petitioner waived and defaulted any challenge to the search.

This claim is procedurally defaulted in that the PCR court did not issue a direct ruling on this issue and a Rule 59 motion was not filed. Petitioner argues he is entitled to cause under Martinez. To the extent Petitioner claims that Martinez v. Ryan, ——— U.S. ———, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) allows him to overcome his procedural default as to whether trial counsel was ineffective in failing to properly investigate his case, the claim fails. In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(*citing Martinez, 132 S.Ct. at 1318–19, 1320–21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To establish cause under Martinez, Petitioner must demonstrate (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." Martinez, 132 S.Ct. at 1318.Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59 motion was "objectively unreasonable, and that, but for his

errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under Strickland and that the underlying ineffective claim of trial counsel is substantially meritorious to overcome the default since he entered an Alford[3] plea. Alford pleas are treated the same as guilty pleas. Price v. Johnson, 218 F. App'x 274, 275 (4th Cir.2007) (citing Perry v. Commonwealth, 33 Va.App. 410, 533 S.E.2d 651, 652–53 (Va.Ct.App.2000)). "[T]he entry of an Alford plea at a criminal proceeding has the same preclusive effect as a standard guilty plea." Zurcher v. Bilton, 379 S.C. 132, 666

---

[3] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

S.E.2d 224, 227 (S.C.2008).   A criminal defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."   Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Accordingly, Petitioner has failed to establish that his underlying claim of ineffective assistance of trial counsel was a substantial claim or that there was prejudice.  As such, Petitioner has failed to prove that PCR counsel's representation fell below the standard of professional reasonableness in this regard. Thus, Petitioner has failed to meet the requirements of Martinez to show that his PCR counsel was ineffective. Accordingly, Ground One(b) should be dismissed as procedurally barred.

**Ground One(c)**

Petitioner argues that trial counsel was ineffective for failing to present witnesses even after agreeing that he would.  Respondent argues that this issue is procedurally defaulted because the PCR court did not address the issue in its order of dismissal and a Rule 59 motion was not filed. Petitioner did not raise this issue in his petition for writ of certiorari.

The  claim that counsel was ineffective for failing to "present" witnesses after

agreement to do so is  procedurally barred from federal habeas review in that it was not raised and/or ruled upon by the PCR court.  <u>Marlar v. State</u>, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. <u>Plyer v. State,</u> 424 S.E.2d 777 (1992); <u>Bostick v. Stevenson</u>, 589 F.3d 160, 164 (4th Cir. 2009); <u>Marlar</u>, <u>supra</u>; <u>Coleman</u>, <u>supra</u>. Additionally, Petitioner entered a plea so there was no reason to call witnesses to testify.

To the extent Petitioner claims that <u>Martinez v. Ryan,supra</u>, allows him to overcome his procedural default as to whether trial counsel was ineffective in failing to "present witnesses," the claim fails. Petitioner fails to demonstrate cause to overcome the default pursuant to <u>Strickland</u>.  Petitioner has not demonstrated that PCR counsel's failure  to raise this issue at PCR or file a Rule 59 was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." <u>Sexton</u>, 679 F.3d at 1157; <u>see</u> <u>also</u> <u>Williams v. Taylor,</u> 529 U.S. at 391. Petitioner entered an <u>Alford</u> plea which is treated the same as a guilty plea.  Therefore, PCR counsel can not be found ineffective for failing to raise this claim when Petitioner entered an <u>Alford</u> plea and there was no need to "present" witnesses. Accordingly, Petitioner has failed to establish that his

20

underlying claim of ineffective assistance of trial counsel was a substantial claim or that there was prejudice. Therefore, Ground One(b) should be dismissed as procedurally barred.

However, the issue of interviewing witnesses was addressed in the PCR order with respect to the claim that counsel was ineffective for failing to investigate as set out above under Ground One(a). The PCR court found that trial counsel spoke to one potential witness, Billings, who he did not think the jury would find credible. Further, as to any potential beneficial witnesses that Petitioner complained trial counsel should have interviewed, none of the witnesses testified at the PCR hearing. The PCR court found counsel's testimony that he had never been told of any other witness that could provide helpful testimony credible.

Therefore, even if the court found that the issue was not procedurally barred, it is without merit. The PCR court's rejection of the ineffective assistance of counsel ground for not interviewing witnesses and preparing the case did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Petitioner produced no witnesses in his PCR proceedings to support his assertions that there were beneficial witnesses that trial counsel should have interviewed. Bassette v. Thompson, 915 F.2d 932, 939, 941 (4th Cir.1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d

734 (1991); cf. <u>Bannister v. State</u>, 333 S.C. 298, 509 S.E.2d 807, 809 (S.C.1998)

("This Court has repeatedly held a PCR applicant must produce the testimony of a

favorable witness or otherwise offer the testimony in accordance with the rules of

evidence at the PCR hearing in order to establish prejudice from the witness' failure

to testify at trial."); <u>Glover v. State</u>, 458 S.E.2d 539, 540 (S.C.1995) ("[B]ecause the

other witnesses respondent claimed could have provided an alibi defense did not

testify at the PCR hearing, respondent could not establish any prejudice from counsel's

failure to contact these witnesses."); <u>Clark v. State</u>, 315 S.C. 385, 434 S.E.2d 266,

267–268 (S.C.1993) (pure conjecture as to what a witness' testimony would have been

is not sufficient to show a reasonable probability the result at trial would have been

different); <u>Underwood v. State</u>, 309 S.C. 560, 425 S.E.2d 20, 22 (S.C.1992) (prejudice

from trial counsel's failure to interview or call witnesses could not be shown where

witnesses did not testify at PCR hearing).


### Ground One(d)

Petitioner alleges trial counsel was ineffective for failing to question the

substance of the police video showing the initial traffic violation leading to his arrest.

Respondent argues that this issue is procedurally defaulted as it was not addressed in

the PCR court's order of dismissal.

This claim is procedurally barred from federal habeas review in that it was not raised and/or ruled upon by the PCR court and not raised in his petition for writ of certiorari. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Plyer v. State, 424 S.E.2d 777 (1992); Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009); Marlar, supra; Coleman, supra. Petitioner can not show prejudice because he did not present any witnesses at his PCR hearing and did not introduce the police video. Additionally, Petitioner entered a plea to the negotiated sentence of the minimum seven (7) years to avoid the possibility of receiving up to a twenty-five (25) year sentence had he proceeded to trial and was found guilty.

**Ground Two**

In Ground Two, Petitioner argues that there was a lack of subject matter jurisdiction in the plea/sentencing court. Respondent argues that this claim is not cognizable in habeas review and should be dismissed.

As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue.

See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that Ground Two be dismissed.


**Ground Three**

In Ground Three, Petitioner argues that trafficking in cocaine greater than 28 grams but 100 grams or less is not a lesser included offense of trafficking in cocaine greater than 400 grams under state statute. In his response in opposition, Petitioner argues that "[t]he greater charge of trafficking in 400 grams or more of cocaine will not support the lesser charge of 28 to 100 grams of cocaine under the same indictment." (Doc. #39, p. 28 of 95). Petitioner argues that the prosecutor should have "amended the indictment to include the charge of 28-100 grams, thus, allowing Petitioner to be charged as indicted." (Id. at 30). Petitioner asserts that he could not have been indicted for trafficking in cocaine and pleaded guilty to trafficking in cocaine as a lesser-included offense because "trafficking is not a lesser-included offense of itself." Id. Therefore, Petitioner contends that a court cannot impose a sentence for a crime over which it does not have jurisdiction to try the Petitioner. Respondent asserts that this issue is not cognizable under federal habeas review, Petitioner did not preserve the issue at the time of the plea, and he waived or abandoned any claim of trial court error or any direct appeal issue with regard to this

Ground Three by pleading guilty.

The PCR court held that Petitioner's allegation that the plea court lacked jurisdiction to accept his plea was meritless. The PCR court held that Petitioner's plea was not rendered involuntary merely because the acts and evidence would not support the lesser weight range as opposed to the higher weight range of cocaine and that he knowingly and intelligently chose to plead instead of going to trial. Additionally, the PCR court held that Petitioner's allegation that the plea court lacked subject matter jurisdiction was without merit as the "Court of General Sessions has subject matter jurisdiction over all levels of drug trafficking cases. State v. Gentry, 363 S.C. 93, 610 .E.2d 494 (2005)." (Tr. 132-133).

A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Further, an issue that pertains to the state court's jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Thus, it is recommended that summary judgment be granted for Respondent on Ground Three.

**Ground Four**

In Ground Four, Petitioner raises a Fourth Amendment claim asserting that the

trial attorney failed to challenge the traffic stop and the second pat down after the traffic warning was completed. Respondent argues there is no merit to this ground, and Petitioner failed to raise a Fourth Amendment claim at his guilty plea, thereby waiving it at the trial/plea level.

For the same reasons as set forth above in Ground One(b), it is recommended this issue be denied. Because Petitioner entered an <u>Alford</u> plea and received the minimum seven year sentence, he has waived his right to non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment. <u>Price v. Johnson</u>, <u>supra</u>; <u>Tollett v. Henderson</u>, <u>supra</u>

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #28) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November <u>3</u>, 2014
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**