# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Robert A. LaRoche, ) | |
| ) | Civil Action No. 4:14-cv-00222-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| David Dunlap, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Robert A. LaRoche ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel, lack of subject matter jurisdiction, lesser included offense errors, and a violation of Fourth Amendment search and seizure requirements. (ECF No. 1.) This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 28).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling. On November 3, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and dismiss the Petition. (ECF No. 42.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed November 19, 2014. (ECF No. 44.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 28) and dismisses the Petition with prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this

1

summary as its own. (*See* ECF No. 42.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently under Community Supervision under the control of the South Carolina Department of Probation, Parole, and Pardon Services until August 8, 2015. (ECF No. 36-1.) Petitioner was released from custody at the South Carolina Department of Corrections' Manning Correctional Institution on July 1, 2014. (*Id., see also* ECF No. 23.)

On September 15, 2008, Petitioner entered an *Alford*[1] plea, pleading guilty to a charge of trafficking in cocaine greater than 400 grams. (ECF No. 42 at 2-3.) Petitioner received a negotiated sentence of seven (7) years in prison, the minimum sentence for his charge, and an agreement to drop a second charge of possession with intent to distribute marijuana. (*Id.* at 3.) Petitioner did not appeal his conviction or sentence. (*Id.*) On February 12, 2009, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on September 29, 2011. (*Id.*) Petitioner appealed the dismissal of the PCR application, which the South Carolina Supreme Court denied on December 5, 2013. (*Id.* at 5.)

Petitioner filed his Petition on January 30, 2014, alleging four grounds for relief: (1) ineffective assistance of counsel, (2) lack of subject matter jurisdiction, (3) errors in regard to a lesser included offense, and (4) a Fourth Amendment violation. (ECF No. 1 at 5-8, 10.) The Magistrate Judge divided Ground One into four claims: (a) "trial attorney failed to investigate Petitioner's case consistent to professional norms as required," (b) "trial attorney failed to submit a Motion to Suppress the evidence even though he stated it would be an avenue of attack," (c) "trial attorney failed to present witnesses after agreement to do so," and (d) "trial attorney failed to question the substance of the police video showing the initial violation leading to my arrest."

---

[1] *North Carolina v. Alford,* 400 U.S. 25 (1970).

(ECF No. 42 at 10; *see also* ECF No. 1 at 5.)  Respondent filed a Motion for Summary Judgment and Return and Memorandum in support of the Motion on August 12, 2014.  (ECF Nos. 28, 29.)

On November 3, 2014, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition.  (ECF No. 42.)  The Magistrate Judge found that the PCR court's findings of fact with regard to Ground One(a) "are not only entitled to the presumption of correctness... but are supported by the record."  (ECF No. 42 at 15.)  Regarding Ground One(b), the Magistrate Judge found the claim to be procedurally barred because "the PCR court did not issue a direct ruling on this issue and a Rule 59 motion was not filed."  (*Id.* at 16.)  In addition, the Magistrate Judge found Petitioner could not demonstrate cause and prejudice to excuse the default because he could not show his PCR counsel was ineffective or that the underlying ineffective assistance of trial counsel claim was meritorious, because Petitioner had waived his right to claim a deprivation of constitutional rights when he pled guilty. (*Id.* at 18-19.)  The Magistrate Judge recommended Ground Four be denied for the same reasons because Petitioner "waived his right to non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment."  (*Id.* at 26.)  The Magistrate Judge further found that Ground One(c) was procedurally barred and was without merit.  (*Id.* at 20-21.)  Further, the Magistrate Judge found Ground One(d) was procedurally barred.  (*Id.* at 23.)  Finally, the Magistrate Judge found Petitioner's claims in Grounds Two and Three were not cognizable in federal habeas review because they arise from state law.  (*Id.* at 23-25.)  In addition, with regard to Ground Three, the Magistrate Judge noted that "[a] state court's decision on a question of state law is binding in federal court."  (*Id.* at 25.)

Petitioner timely filed his Objections on November 19, 2014.  (ECF No. 44.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments

that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections, largely consisting of detailed explanations of relevant case law. Although Petitioner provides detailed examinations of multiple cases, he fails to explain how those cases show the Magistrate Judge's reasoning is incorrect. Petitioner also spends a great deal of time in his Objections reiterating his Fourth Amendment claims and his assertions that his PCR counsel was ineffective for failing to file a Rule 59 Motion to preserve the issue for appeal. However, as the Magistrate Judge noted, when a defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tolett v. Henderson,* 411 U.S. 258, 267 (1973) (*See* ECF No. 42 at 18-19.). An *Alford* plea, which Respondent entered, is treated the same as a guilty plea. *Price v. Johnson,* 218 F. App'x 274, 275 (4th Cir. 2007) (citing *Perry v. Virginia,* 533 S.E.2d 615, 652-53 (Va. Ct. App. 2000)). Petitioner provides no argument or case law to refute this. Instead, Petitioner makes unsupported assertions such as, "Petitioner asserts he has rebutted the presumption of correctness [of state court findings] by clear and convincing evidence." (ECF No. 44 at 29.) "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). As such, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 42). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 28) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 23, 2015
Columbia, South Carolina

6